THE CHANCELLOR OF THE STATE OF NEW JERSEY v. THE CITY OF ELIZABETH.

Argued November 8, 1899—Decided February 26, 1900.

The supplement to the General Tax law, passed April 13th, 1887 (*Gen. Stat., p.* 3312), which provides for the taxation of real and personal property held in trust by the Court of Chancery, is unconstitutional because it does not apply to like property held in trust by other courts of the state.

On *certiorari.*

Before Justices DIXON, GUMMERE and LUDLOW.

For the prosecutor, *Sherrerd Depue.*

For the defendant, *James C. Connolly.*

The opinion of the court was delivered by

GUMMERE, J.    This writ removes into this court, for review, certain taxes assessed by the city of Elizabeth upon four different tracts of land in said city, each of which is held by the Chancellor of the state in his official capacity.    The title to three of these tracts was acquired by him in March, 1885, and the taxes which he seeks to have set aside were assessed each year from 1888 to 1892 inclusive.    Title to the fourth tract was acquired in November, 1888, and the taxes which are said to have been illegally assessed were laid in that year and in each succeeding year up to and including 1897.    These tracts of land were all purchased by the Chan-

cellor at sales had upon the foreclosure of mortgages held by him, and representing the investment of trust funds deposited in the Court of Chancery.

So far as the tax, which was assessed for the year 1888 against the fourth tract, is concerned, no sufficient reason is suggested for setting it aside. It was assessed against the property, and had become a lien upon it prior to the date of its purchase by the Chancellor. *City Charter*, § 73; *Pamph. L.* 1863, *p.* 136. The case does not show that the lien of this tax was extinguished by the foreclosure proceedings under which the Chancellor purchased, or in any other way, presumably, therefore, it is still a valid lien upon the property.

The other taxes under review were all of them assessed upon the property after title thereto was acquired by the Chancellor. Irrespective of statutory enactment, property held in trust by the Chancellor, in his official capacity, is exempt from taxation. *Trustees of Public Schools* v. *Trenton*, 3 *Stew. Eq.* 667. The ground upon which the city of Elizabeth maintains its right to levy these taxes is that, by the supplement to the General Tax act, passed April 13th, 1887 (*Gen. Stat., p.* 3312), the immunity from taxation which theretofore had existed with relation to the trust funds held by the Court of Chancery, and the securities representing their investment, was done away with, and such funds and securities subjected to taxation to the same extent as the money and other property of individuals. That this is the object sought to be accomplished by the legislation referred to is not denied, but the prosecutor contends that it is violative of that provision of the state constitution which requires that property shall be assessed for taxes under general laws, and by uniform rules, in this respect, that it taxes trust funds and investments thereof, held by the Court of Chancery, but that it does not tax like funds and investments held by other courts of the state.

Acts similar to that of 1887 (except that the latter subjects to taxation lands held by the Chancellor in his official capacity, as well as personalty) have been declared unconstitutional

by this court for the reason stated. *Shotwell* v. *Dalrymple,* 20 *Vroom* 530; *Cox* v. *Truitt,* 28 *Id.* 635. The fact that the act of 1887 applies to lands held by the Chancellor, as well as to moneys on deposit in court, and securities representing the investment thereof, does not take it out of the ruling in Shotwell v. Dalrymple and Cox v. Truitt. Every court which is clothed with power to hold trust funds, and to invest them on bond and mortgage, is authorized to protect such investments by foreclosure of the mortgage and purchase of the mortgaged premises. *Elizabeth* v. *Chancellor,* 22 *Id.* 414.

It is suggested, rather than argued, on behalf of the city, that the taxes under review may be sustained by virtue of the provisions of the supplement to the General Tax law passed April 1st, 1898. *Pamph. L., p.* 202. It is enough to say, with relation to this suggestion, that the legislation invoked is not retroactive, either in terms or by implication, but applies only to such taxes as should be thereafter assessed.

The tax assessed for the year 1888, against the fourth tract, must be affirmed; the rest of the taxes under review must be set aside.